UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RAYMOND FRISBY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CITY CORRECTIONAL FACILITY and EMPLOYEES OF CALIFORNIA CITY PRISON,<br><br>Defendants. | No. 1:19-cv-01403-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS[2] |

This matter comes before the court upon initial review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 13). As more fully set forth below, the undersigned recommends the court dismiss this case without prejudice due to plaintiff's failure to prosecute this action and failure to update his address of record.

I.     FACTS AND BACKGROUND

Plaintiff Mark Raymond Frisby is a former state prisoner proceeding *pro se* and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 7). On February 26, 2020, the court screened plaintiff's complaint and concluded it failed "to state a

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).
[2] Due to the age of this case and because plaintiff is no longer incarcerated, he is subject to a 14-day objection period pursuant to Local Rule 304(b) (E.D. Ca. 2019).

1

cognizable claim against any defendant." (Doc. No. 10 at 4). The court permitted plaintiff 30 days to amend his complaint, with failure to do so cause for dismissal. (*Id.* at 5).

Well after the thirty (30) days period expired, the court issued an order to show cause why the court should not dismiss the case for plaintiff's failure to prosecute and to comply with the court's February 26, 2020 Order. (*See* May 28, 2020 Order, Doc. No. 11 at 1-2). As of the date of these findings and recommendations, plaintiff has not responded to the order to show cause nor amended his complaint. Although both the February 26, 2020 and May 28, 2020 orders were delivered to plaintiff, the court's November 17, 2020 reassignment order was returned to the court as "Undeliverable."

II. APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that

these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). The court has already attempted a less drastic option by issuing an order to show cause, which plaintiff failed to respond to. To issue another order to show cause would be an act of futility, because the court's

most recent order was returned as undeliverable. Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Plaintiff neither filed an amended complaint nor responded to the court's May 28, 2020 order to show cause why this matter should not be dismissed for his failure to prosecute this action. (Doc. No. 11). More than 14 months have passed and plaintiff has taken no action to prosecute this case. Further, pursuant to the court's local rules, plaintiff was required to file a change of address no later than February 16, 2021 but has failed to do so. *See* Local Rule 183(b). After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and 183(b).

Accordingly, it is RECOMMENDED:

This case be dismissed without prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE